PENDER v. ANDERSON et al.

No. 7638. Decided September 11, 1951. (235 P. 2d 360.)

400

See 32 C. J. S., Evidence, sec. 1023. Fraud, deeds as affected by. 16 Am. Jur., Deeds, secs. 30 et seq.

*Milton V. Backman,* Salt Lake City, for appellant.

*William S. Livingston,* Salt Lake City, for respondent.

PER CURIAM.

This is an action to quiet title. Defendants claim under a deed given by Dr. G. Murray Edwards to the defendant, Bert Center, and also under a tax title and deed from Salt Lake County. Plaintiff claims under a later deed from Dr. Edwards. He relies on the deposition of Edwards that the deed the latter executed and delivered to Bert Center was only an instrument giving Center authority to sell the property for Edwards. Plaintiff claims fraud by Center in the manner in which he obtained and recorded the deed. Center deposed denying this and saying that the deed was a conveyance of the lot to him in consideration of past services he had rendered Dr. Edwards.

The deed to Center was absolute on its face; the trial court correctly ruled that for the plaintiff to have it declared to be other than what it purported to be, ■ he had the burden of proving his contention by clear and convincing evidence. *Thornley Land & Livestock Co.* v. *Gailey,* 105 Utah 519, 143 P. 2d 283, and cases therein cited.

We do not disagree with the plaintiff's contention that the testimony of one witness (Dr. Edwards) may be sufficient to constitute clear and convincing evidence if it is so regarded by the trier of the facts. But in ■■ this case the trial court's findings expressly indicate that he did not believe that the testimony of Dr. Edwards was so clear and convincing as to overcome the effect of the testimony of Center.

Remarks by the court in discussing the decision do not modify or supplant the findings. *Christensen* v. ■ *Nielsen,* 73 Utah 603, at page 613, 276 P. 645.

The defendants prevail under the deed to Center. It is therefore unnecessary to adjudicate the controversy over the tax title which defendants also own.

Judgment affirmed. Costs to respondent.